**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4656**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

     v.

ERIC DION LATHAM, a/k/a E,

             Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville.  Terrence W. Boyle, District Judge.  (4:12-cr-00084-BO-2)

Submitted:  July 8, 2014                Decided:  July 25, 2014

Before WYNN, FLOYD, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Jorgelina E. Araneda, ARANEDA LAW FIRM, Raleigh, North Carolina, for Appellant.  Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Eric Dion Latham was convicted by a jury of conspiracy to distribute crack cocaine (Count One), in violation of 21 U.S.C. § 846 (2012); possession of a firearm in furtherance of a drug trafficking offense and aiding and abetting (Count Four), in violation of 18 U.S.C. §§ 924(c)(1)(A), 2 (2012); and two counts of possession of a firearm by a convicted felon (Counts Five and Six), in violation of 18 U.S.C. § 922(g)(1) (2012). Latham also pled guilty to distribution of crack (Count Three), in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (2012). The district court sentenced Latham to a downward variant sentence of 240 months on Counts One, Three, Five, and Six followed by a consecutive 60-month sentence on Count Four. Latham challenges on appeal the sufficiency of the evidence, the court's jury instructions on two counts, and his sentence. We affirm.

Latham asserts that the evidence did not support his convictions on Counts One, Four, Five, and Six. We review de novo the denial of a Fed. R. Crim. P. 29 motion for a judgment of acquittal. United States v. Hickman, 626 F.3d 756, 762 (4th Cir. 2010). The jury verdict must be sustained when "there is substantial evidence in the record, when viewed in the light most favorable to the government, to support the conviction[s]." United States v. Jaensch, 665 F.3d 83, 93 (4th Cir. 2011)

2

(internal quotation marks omitted). "Reversal for insufficient evidence is reserved for the rare case where the prosecution's failure is clear." United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997) (internal quotation marks omitted).

To obtain a conviction for conspiracy to possess with the intent to distribute a controlled substance, "the Government must prove the following essential elements: (1) an agreement between two or more persons to engage in conduct that violates a federal drug law; (2) the defendant's knowledge of the conspiracy; and (3) the defendant's knowing and voluntary participation in the conspiracy." United States v. Green, 599 F.3d 360, 367 (4th Cir. 2010). A defendant may be convicted of conspiracy without knowing all of its details, as long as he enters the conspiracy understanding that it is unlawful and willfully joins in the plan at least once. United States v. Burgos, 94 F.3d 849, 858 (4th Cir. 1996) (en banc).

After viewing the evidence as a whole, we conclude that there was sufficient evidence to support the jury's verdict on Count One, as the Government presented evidence of a broader conspiracy beyond one drug sale. Latham maintained a room at a boarding house that was commonly known as a drug house for at least a month before the April 3, 2012 controlled buys, and one of Latham's co-conspirators informed a confidential informant that Latham could complete a drug sale if he was not available

3

to do so.  The lack of Latham's conspiracy activity dating back to April of 2011 is inconsequential.  "When the [G]overnment's proof diverges to some degree from the indictment but does not change the crime charged in the indictment, a mere variance occurs."  United States v. Allmendinger, 706 F.3d 330, 339-40 (4th Cir.), cert. denied, 133 S. Ct. 2747 (2013); see United States v. Randall, 171 F.3d 195, 203 (4th Cir. 1999).  The variance here was non-fatal because the proof offered by the Government at trial merely narrowed the time frame of the conspiracy but did not alter the crime charged in the indictment, and the variance did not prejudice Latham.

To prove a violation of § 924(c)(1), the Government must demonstrate that:  "(1) the defendant used or carried a firearm, and (2) the defendant did so during and in relation to a drug trafficking offense," United States v. Mitchell, 104 F.3d 649, 652 (4th Cir. 1997), or "that the possession of a firearm furthered, advanced, or helped forward a drug trafficking crime."  United States v. Perry, 560 F.3d 246, 254 (4th Cir. 2009) (internal quotation marks omitted).  "A defendant is guilty of aiding and abetting if he has knowingly associated himself with and participated in the criminal venture."  Burgos, 94 F.3d at 873 (internal quotation marks omitted).  "An active participant in a drug transaction has the intent needed to aid and abet a § 924(c) violation when he knows [in advance] that

4

one of his confederates will carry a gun." Rosemond v. United States, 134 S. Ct. 1240, 1249 (2014).

After viewing the evidence as a whole, we conclude that there was sufficient evidence to support the jury's verdict on Count Four. The conversation regarding the sale of the firearm took place during the drug sale, after which Latham provided the confidential informant with one-half of the agreed amount of crack. Selling guns and drugs in the same transaction constitutes "use" of firearm in the context of § 924(c). United States v. Claude X, 648 F.3d 599, 603-04 (8th Cir. 2011). Moreover, we have held that, when a drug buyer "'sweeten[s] the pot[]' [by] offering to purchase not only drugs, but . . . [a gun] as well[,] . . . the firearm facilitates the drug transaction, making it possible for the drug buyer to get the drug seller to take the risks inherent in selling contraband." United States v. Lipford, 203 F.3d 259, 267 (4th Cir. 2000).

To support a conviction for being a felon in possession of a firearm under § 922(g)(1), the Government must prove the following elements: "(1) the defendant previously had been convicted of a . . . [felony]; (2) the defendant knowingly possessed . . . the firearm; and (3) the possession was in or affecting commerce, because the firearm had travelled in interstate or foreign commerce at some point during its existence." United States v. Moye, 454 F.3d 390, 395 (4th Cir.

5

2006) (en banc) (internal quotation marks omitted). Although Latham disputes that he possessed the firearms at issue, we conclude that there was sufficient evidence to support the jury's verdict on Counts Five and Six. See United States v. Lawing, 703 F.3d 229, 240 (4th Cir. 2012) (discussing possession element of offense), cert. denied, 133 S. Ct. 1851 (2013).

Latham next challenges the district court's instructions to the jury regarding Counts Five and Six. "[T]he . . . decision to give or refuse to give a jury instruction [is reviewed] for abuse of discretion." United States v. Sarwari, 669 F.3d 401, 410-11 (4th Cir. 2012); see United States v. Passaro, 577 F.3d 207, 221 (4th Cir. 2009) (discussing standard in reviewing refusal to give proffered instruction). We hold that the district court did not abuse its discretion in refusing Latham's proffered "knowing" instruction because a conviction under § 922(g)(1) does not require a defendant's knowledge of either his felon status or the firearm's interstate nexus as an element of the offense. United States v. Langley, 62 F.3d 602, 605-06 (4th Cir. 1995). Moreover, the district court correctly instructed the jury that it must find Latham actively or constructively possessed the firearms to sustain a conviction on each count.

Latham also challenges the district court's refusal to provide the jury with instructions regarding an entrapment

6

defense. "We review de novo a district court's decision to deny a criminal defendant['s] [requested] jury instruction on entrapment." United States v. Ramos, 462 F.3d 329, 334 (4th Cir. 2006). "The district court is the gatekeeper; if the defendant does not produce more than a mere scintilla of evidence of entrapment, the court need not give the instruction." United States v. Hackley, 662 F.3d 671, 681 (4th Cir. 2011) (internal quotation marks omitted); see Ramos, 462 F.3d at 334 (discussing elements of entrapment); United States v. Daniel, 3 F.3d 775, 778 (4th Cir. 1993) (defining inducement). Our review of the record leads us to conclude, with confidence, that the evidence did not support an entrapment instruction. See Ramos, 462 F.3d at 334-35. Thus, Latham is entitled to no relief on this claim.

Finally, Latham challenges his sentence. We review a sentence for reasonableness, applying "an abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 51 (2007). We first review for "significant procedural error" and, if the sentence is free from such error, then consider substantive reasonableness. Id. Procedural error includes, as is relevant to this appeal, "improperly calculating[] the Guidelines range." Id.

Latham challenges his status as a career offender. "We review the district court's . . . classification of [Latham]

as a career offender de novo" and review for clear error the court's factual findings. United States v. Farrior, 535 F.3d 210, 223 (4th Cir. 2008); see U.S. Sentencing Guidelines Manual ("USSG") § 4B1.1(a) (2012) (setting forth what qualifies defendant as career offender). In designating Latham a career offender, the probation officer relied on Latham's June 1996 conviction for attempted criminal sale of a controlled substance, for which he was sentenced to eighteen to fifty-four months' imprisonment. Latham argues only that the challenged prior conviction did not result in his incarceration during the fifteen-year period preceding the controlled buy that occurred on the evening of April 3, 2012.

We hold that the 1996 controlled substance conviction falls within the requisite time frame and was properly counted for purposes of the career offender Guideline. The conduct comprising Count Three occurred exactly fifteen years to the day following Latham's release from imprisonment resulting from his 1996 conviction. See USSG § 4A1.2(e)(1) (discussing applicable time period). Moreover, there was ample evidence that Latham was engaged in a conspiracy to sell narcotics at least one month

prior to April 3, 2012. Accordingly, the district court correctly designated Latham as a career offender.[*]

Finally, we conclude that Latham's sentence is substantively reasonable. If the sentence is below the properly calculated Guidelines range, we apply a presumption on appeal that the sentence is substantively reasonable. United States v. Susi, 674 F.3d 278, 289 (4th Cir. 2012); see Gall, 552 U.S. at 51 (defining substantive reasonableness). Such a presumption is rebutted only if the defendant shows "that the sentence is unreasonable when measured against the [18 U.S.C.] § 3553(a) [(2012)] factors." United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted). We hold that Latham has not rebutted the presumption afforded his below-Guidelines sentence and that his sentence is reasonable.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

---

[*] In view of our holding that Latham was properly found to be a career offender, we need not address his challenges to the procedural reasonableness of his sentence — specifically, the drug quantity determination and the individual sentencing enhancements. See USSG § 4B1.1(c)(2), (3).

9